IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-48 |
| | ) | |
| JOSE MEDINA, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This cause came before the Court on September 10, 2009, for a motion hearing on Defendant Jose Medina's *pro se* request for documents and to review counsel, styled Affidavit [Doc. 283] and referred [Doc. 284] to the undersigned on July 30, 2009. See 28 U.S.C. § 636(b). Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Defendant Jose Medina appeared along with Attorney Kimberly A. Parton. Defendant Miguel Medina Martinez was represented by Attorney Randall E. Reagan.[1] Both Defendants participated with the aid of an interpreter.

Defendant Medina's Affidavit asks the Court to replace his appointed counsel because counsel has not provided him with certain discovery, specifically his arrest warrant and the return and inventory from a search warrant. He maintains that despite his numerous requests, his attorney has failed to provide these documents, and he suspects that his attorney is aiding the Government.

---

[1]The Court notes that Defendant Miguel Medina Martinez was brought to court in order to determine which defendant had filed the *pro se* Affidavit.

1

At the September 10 hearing, Attorney Parton stated that, with the aid of a translator, she had reviewed two notebooks of discovery from the case with the Defendant at the jail. She said the search warrant and inventory were contained in the notebooks, but she did not leave copies with the Defendant because she did not believe he could read the documents, which are written in English. The Defendant denied going over the search warrant and inventory with Ms. Parton, stating that they had only discussed three telephone calls. He said that Ms. Parton did not give him copies of the arrest warrant and search warrant. He stated that he could read a little bit of English. Ms. Parton stated that she did review the items seized in the search with the Defendant but that the Defendant was talking rather than listening during much of her visit.

The Court considered the statements of Defendant Medina and Attorney Parton and found that the Defendant had not shown good cause for substitution of counsel. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court finds that the problems surrounding the Defendant's desire to obtain certain documents do not rise to the level of a complete and irreparable breakdown in communication or breach of trust. The Court asked Ms. Parton to get Defendant Medina a copy of the arrest warrant and search warrant inventory that he was requesting. Ms. Parton stated that she would try to get those documents to the Defendant that day. If she could not get them to him that day, she would mail them to him. Accordingly, the Court finds that the Defendant's *pro se* Affidavit [**Doc. 283**] is **DENIED in part** in that the Court declines to substitute counsel and is **GRANTED in part** in that

2

Attorney Parton has agreed to provide the requested documents to the Defendant. The Defendant is encouraged to work with counsel throughout the remainder of the case.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge

3